UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MONTEZ GRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 15-cr-13 |
| | ) | Hon. Marvin E. Aspen |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

     Before us is Montez Gray's motion for reconsideration of our opinion denying his earlier motion for compassionate release. (Mot. for Recons. (Dkt. No. 80). We previously denied Gray's request for failure to exhaust his administrative remedies. (Order (Dkt. No. 78).) Gray then filed a brief claiming that he exhausted his administrative remedies. (Brief (Dkt. No. 79).) We construed Gray's prior briefing (Dkt. Nos. 74, 79, and 80) and his motion for reconsideration, (Dkt. No. 80) together, as a renewed motion for compassionate release. (Dkt. No. 81.) For the following reasons, we deny Gray's motion.

     Although the record yields significant questions as to the legitimacy of Gray's suggestion that he exhausted his administrative remedies, (*see* Response (Dkt. No. 82) at 9—10) Gray's motion nevertheless warrants denial on the merits. Under 18 U.S.C. § 3582(c), a court may grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, as relevant here, certain

specified categories of medical conditions. USSG § 1B1.13, cmt. n.1(A). The defendant has the burden to show circumstances that meet the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Despite this burden, Gray's filings do not allege that he suffers from a health condition that might increase the risk posed to him by COVID-19. Categories of such health conditions that would be particularly relevant to the COVID-19 pandemic would include terminal illness and/or any serious physical or medical condition that substantially diminishes the defendant's ability to provide self-care within the correctional facility and from which he is not expected to recover. *Se* USSG 1B1.13, cmt. n.1(A).

Gray's theory for compassionate release does not identify a specific medical condition that makes him eligible for compassionate release. Rather, he argues that releasing him would allow for more social distancing than available at the prison. That singular concern does not rise to the level of "extraordinary and compelling" circumstances necessary to warrant compassionate release. Courts have already held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).")

Since Gray does not contend that he suffers from any specific health condition, much less one that rises to the level of "extraordinary and compelling," his request for compassionate release must be denied as a matter of law. Indeed, the record suggests that Gray is in relatively good health: at the time he was sentenced in 2017, the Presentence Investigative Report ("PSR")

2
Case 3:15-cr-00013   Document 83   Filed 09/16/20   Page 2 of 4 PageID #: 187

that the U.S. Probation Office prepared did not reflect that Gray had any medical condition beyond a potential history of shoulder dislocations. (PSR ¶ 72.)

Importantly, we additionally note that although Gray's motion suggests that his facility (FCI Forrest City Low) has over one thousand COVID-19 cases at a point in May 2020. In all actuality, that facility reported thirty active inmate cases and two active staff cases as of September 15, 2020. *See* https://www.bop.gov/coronavirus/index.jsp

18 U.S.C. § 3553(a) further warrants denial on top of Gray's failure to meet his burden in showing extraordinary and compelling reasons for compassionate release. This analysis requires us to determine whether Gray is a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13; *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (affirming denial of compassionate release for defendant who was terminally ill and not a danger to the community). These factors weigh against Gray's compassionate release. The nature and circumstances of the underlying offense here includes illegal firearm possession and drug trafficking. These are serious crimes of the nature that such a defendant's early release would pose a danger to public safety. In addition to the seriousness of the instant offense, Gray was also convicted of a drug trafficking crime in 2010 in Davison County Criminal Court. Given the totality of the circumstances surrounding Gray's offense, namely his use of a firearm, trafficking large amounts of drugs, criminal history, and already advantageous outcome at sentencing, he cannot make that showing here. *See, e.g.*, *United States v. Daychild*, 357 F.3d 1081, 1100 (9th Cir. 2004) (approving detention on danger prong due to defendant's possession of firearms and stating that the "danger posed to the public by armed conspirators who traffic in illicit drugs is too plain to permit dispute.") Thus, Gray's request for compassionate release is further denied.

## CONCLUSION

For the above stated reasons, Gray's motion is denied for failure to demonstrate extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A) and is also denied on the basis that the totality of Gray's circumstances under 18 U.S.C. § 3553(a) factor against early release. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: September 16, 2020